# SUPERIOR COURT

Ovila W. Frechette

vs.        } Eq.No.7173

Charles H. Smart

RESCRIPT.

July 11, 1925.

BAKER, J. The first hearings in this matter were on preliminary injunction but it was finally agreed that the case be submitted on bill, answer and issues of fact for final hearing.

The complainant is asking that the respondent be enjoined from foreclosing a certain mortgage and for other relief.

The matters in controversy took place some nine years ago. In substance the complainant contends that he was the owner of a certain mortgage for $1000; that he had been contemplating and discussing with a man named Eldredge the advisability of incorporating, and that he was considering selling or transferring this mortgage in order to obtain ready money. The testimony shows, however, that no steps had actually been taken toward incorporating the complainant's business and that no definite arrangements or understanding had been entered into in that connection. According to the complainant's testimony, the respondent and an attorney came to his store late one day, while he was very busy, and had him sign a transfer of the mortgage in question and endorse the mortgage note, the complainant believing at that time that he was then to receive $900. No money was paid, however, the matter being left to be taken up later. The complainant claims that the mortgage transfer and note disappeared from his possession at that time, he having left them on his desk, and that ultimately they appeared in the possession of the respondent, the blanks in the transfer having been filled in in the meantime. The complainant argues that the transfer of the mortgage and the mortgage note are improperly in the possession of the respondent and that he has received no consideration whatever for their transfer. He is supported in the main points of his testimony by his son, who was present in the store.

The respondent contends that the note and transfer in question are properly in his possession; that he is entitled to foreclose the mortgage and that he paid a consideration. His testimony shows he advanced certain money prior to the transfer of the note and mortgage, and also afterwards, to the man named Eldredge, as he claimed for the purpose of incorporating the complainant's business. He denies that any such happening took place in the complainant's store as the latter testified to, and says that the note and mortgage, properly executed, were brought to him either by the attorney or Eldredge some days after the meeting in the store.

It appears that the man Eldredge disappeared some years ago and can not be located. No evidence was given by the attorney involved.

It seems clear to the Court from the testimony that the attorney in this matter was not acting for the complainant but was acting either for Eldredge or the respondent, or both of them. The witnesses in the case, apart from the complainant and his son and the respondent, are not particularly important. The testimony is absolutely conflicting and it becomes necessary for the Court to select which story of the transaction seems the correct one. After weighing the evidence, the Court has come to the conclusion that the complainant's version of what happened and his actions thereafter are the more reasonable and probable.

The respondent claims that the complainant would have taken more drastic action if his papers had been taken from him as he described. The testimony shows, however, that for several days after the taking he attempted to get in touch with the lawyer in question; that he did not know who had his papers, and that as soon as he did find out where they were, he attempted to recover them, and after failing in this placed his matters in the hands of an attorney where they have since been. The fact also that the respondent has made no at-

tempt during nine years to collect any interest on the mortgage, in the opinion of the Court, throws some light on the matter. It is at least arguable that the respondent himself had some doubt as to the validity of his possession of the mortgage and note. It is true that he explains this by saying that he was in touch with the man who held the first mortgage on the property and ascertained that this mortgage was being reduced constantly by the complainant. It seems to the Court, however, that this does not entirely explain his failure to ask for a payment of interest during such a long period as nine years. The respondent also in this connection urges that when he did see the complainant, soon after he obtained possession of the note and mortgage, for the purpose of getting a payment, the complainant assaulted him and, therefore, he did not go near him again.

While this matter of the assault is not to be in any way commended, at the same time, in the judgment of the Court, it tends to substantiate the complainant's claim in this case. The affair happened soon after he had lost possession of the papers in question. He was unquestionably excited over what had happened and doubtless did what many a man would do under similar circumstances. In the opinion of the Court, the whole testimony taken together tends to show that the note and transfer were obtained from the complainant improperly and through collusion.

Further, it is undisputed that the complainant himself never received any consideration for the transfers in question. It, of course, can not be denied that the respondent paid considerable money into the hands of the man Eldredge, but there is no testimony that any of this ever reached complainant. The court is satisfied that none of it ever did It is also clear that while there had been some talk between the com-

plainant and Eldredge about incorporating, the complainant had never authorized Eldredge to receive money for him, nor was Eldredge in any sense the complainant's agent, nor had negotiations for incorporating reached such a definite stage that Eldredge was in any way authorized to act for the complainant. It seems to the Court that if the respondent paid money to Eldredge on the theory that he was giving consideration to the complainant for the mortgage note, he did so at his own risk. In the judgment of the Court the evidence shows clearly that the complainant never received any consideration whatever in this matter.

The two chief witnesses in the case are the parties in interest. The respondent is 79 years old and possibly his age may have some bearing on the accuracy of his memory as to events happening nine years ago. Also his appearance and manner of testifying did not impress the Court particularly favorably.

The complainant, on the other hand, while evidently not a man of any education or great business acumen, seemed to give his evidence in a reasonably straight forward manner. While there are some inconsistencies in his story, it seems to the Court to ring more nearly true than the story as told by the respondent. Of the two the Court prefers to accept the complainant's version of the transaction.

In the judgment of the Court the complainant has proved his case by a fair preponderance of the evidence presented and is entitled to the relief asked for.

The prayer of the bill is granted.

For Complainant: James E. Brennan.

For Respondent: Arthur Cushing and Edw. W. Bradford.